# The Directors of the Poor of Westmoreland County *versus* The Overseers of Conemaugh Township.

A *certiorari* to remove the proceedings on an order for the removal of a pauper to the place of his legal settlement, does not bring up the evidence received by the justices, or by the court below, on appeal. This court is confined to a review of the regularity and legality of the proceedings.

An order of two justices for the removal of a pauper, followed by notice, and an ineffectual attempt to appeal, after the time has elapsed for that purpose, is conclusive evidence of his place of legal settlement, on a subsequent proceeding for the same purpose.

In such case, it is most proper to proceed on the first order of removal; but if a second proceeding be had, the adjudication on the first is conclusive between the parties.

CERTIORARI to the Quarter Sessions of *Indiana county*.

This was a proceeding before two justices of the peace, for the removal of Thomas Bell, a pauper, from Conemaugh township to the poor-house of Westmoreland county.

On the 11th September 1857, on the application of the Overseers of the Poor of Conemaugh township, an order was made by two justices of the peace for the removal of Thomas Bell to the poor-house of Westmoreland county; and on the 15th, the pauper was removed, and a copy of the order delivered to the steward of the poor-house, who refused to receive him.

The term of the Court of Quarter Sessions of Indiana county commenced on the 28th September 1857; but no appeal was taken from the order of removal, by the Directors of the Poor of Westmoreland county, until the 7th December following. This appeal was quashed on the ground that it was taken too late.

On the 3d April 1858, the Overseers of Conemaugh township procured a second order of removal; from which an appeal was taken on the 19th; and on the 1st October 1858, the court affirmed the last order of removal, and ordered the Directors of the Poor of Westmoreland county to pay the costs; whereupon they removed the proceedings to this court, and here assigned the same for error.

*Turney*, for the Directors of the Poor of Westmoreland county.

*Banks*, for the Overseers of Conemaugh township.

The opinion of the court was delivered by

STRONG, J.—This *certiorari* brings up only the record of the proceedings in the court below of June Sessions 1858, in which the court confirmed an order of removal of Thomas Bell, a pauper,

[Directors of Westmoreland Co. *v.* Overseers of Conemaugh.]

made by two justices of the peace of Indiana county. It is now settled, that the writ does not remove the evidence received by the justices, or by the court below. That is no part of the record. We, are, therefore, confined to a review of the regularity and legality of the proceedings : Overseers of South Huntingdon *v.* The Overseers of East Huntingdon, 7 *Watts* 529 ; Overseers of Derry *v.* Brown, 1 *Harris* 390 ; Mauch Chunk *v.* Nescopeck, 9 *Harris* 46. It was, doubtless, in forgetfulness of this established rule, that some of the alleged errors have been assigned. They relate not to the regularity or legality of the record returned in obedience to our writ, but to matters which are not upon the record, and mainly to an antecedent proceeding between the same parties, relative to the same pauper; a proceeding not now before us.

The principal question presented here, which we can consider, relates to the effect of a former order of removal granted by the same justices, also on the complaint of the Overseers of Conemaugh township. It appears, that on the 19th of August 1857, they made complaint to James R. Dougherty and David Henderson, esquires, two justices of the peace, for the removal of Thomas Bell, the pauper, to the poor-house of Westmoreland county, and on the 24th of August 1857, the order was granted. The pauper was taken to the poor-house, but he was not received. The Overseers of the Poor of Westmoreland county took no appeal from this order of removal to the next Court of Quarter Sessions, as they were authorized by law to do ; but delayed attempting an appeal until December 7th 1857, when the "next term of the sessions had gone by." Then, they had no right to appeal. The Act of Assembly gave them none : and on the 22d of March 1858, their attempted appeal was dismissed. The Quarter Sessions could have done nothing else. They had no right to entertain an appeal taken after the court next succeeding the order of removal, or to take any action thereon. This untimely appeal having been dismissed, the order of removal remained, of course, in full force, an adjudication between the parties. But instead of sending the pauper again under it to the poor-house of Westmoreland county, which would have been the regular course, the Overseers of Conemaugh township entered another complaint before the same magistrates, and on the 3d of April 1858, obtained a new order of removal. It is from this last order, that the appeal was taken to the Court of Quarter Sessions, and we are now reviewing the action of that court upon it. The objection urged here is, that the first order of removal was held to be conclusive, that the last settlement of the pauper was in Westmoreland county. Certainly, it was an adjudication that, on the 24th of August 1857, the last settlement was in that county ; and no new settlement was alleged to have been acquired after that time. It was essential to it, that the place of last legal settlement should

be ascertained. Indeed, without that, it was impossible to make the order. It was made also by a tribunal of competent jurisdiction; a tribunal constituted by the legislature to try the very question. And it was between the same parties. It was acquiesced in, by the failure of the Overseers of the Poor of Westmoreland county to prosecute an appeal in due time. Why then was it not conclusive as evidence in the second proceeding? Surely, it is unnecessary to cite authorities to maintain the position, that an adjudication by a court of competent jurisdiction, between the same parties, or their privies, is an end of controversy as to the question adjudicated, and as to all matters essential to the adjudication. Unless, then, it can be shown, that the determination of the place of last settlement was unnecessary to the award of the first order of removal, the settlement of the pauper was no longer an open question. But that cannot be shown. In Bradford Township *v.* Keating Township, 3 *Casey* 275, it was held, that an order of removal, though made without notice, if unappealed from, is conclusive of the duty enjoined in it, and that it decides where the pauper's legal settlement is. The order gives due notice. If, then, there be no appeal, the judgment is final. Here, there was seasonable notice of the first order, for the pauper was delivered under it as the law requires: Act of 7th April 1852, *P. L.* 275.

This disposes of all the questions which this record presents, and leads to the conclusion that the action of the Court of Quarter Sessions was right.

The order is affirmed with costs.