## Sugar Creek Overseers *versus* Washington Overseers.

| 62  479|
|156  430|

1. The Act of June 13th 1836 (Poor) requires an appeal from an order of removal to be taken to the next Court of Quarter Sessions, whether notice of the order has been given or not.

2. After the time for an appeal from an order of removal has passed, the rights of the public have intervened, and the officers cannot change them.

3. The court struck off an appeal from an order of removal: a writ of error did not bring up the depositions taken below.

4. The Act of March 16th 1868 applies to the trial of *issues* on the appeal, and has no reference to a motion to the discretion of the court.

October 26th 1869.   Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Quarter Sessions of *Armstrong county:* No. 30, to October and November Term 1869.

On the 27th of March 1868 an order was issued by two justices of the peace for the removal of Olive Greek, a pauper, from the township of Washington to the township of Sugar Creek, both being in Armstrong county.   Notice of the order was served on the overseers of Sugar Creek on the 2d of April.   On the 4th of December 1868 the overseers of Sugar Creek appealed to the Court of Quarter Sessions, two terms having elapsed between the issuing and serving of the order and the entry of the appeal.   A rule was granted on the application of the overseers of Washington township, to show cause why the appeal should not be stricken off; and the deposition of one of the overseers of Sugar Creek township was taken.   He testified that the order of removal and the pauper were brought to him, that he refused to receive her, declaring that she had no settlement in that township, and proposing to prove it, that it was then agreed that she should be taken back to Washington township, and nothing was to be done till the question should be determined at a meeting between the overseers of the two townships.   The overseers of Washington township were to inform the other overseers when they would meet them.   Nothing further was done till the overseers of Washington presented the other overseers a bill for the pauper's maintenance; and the overseers of Sugar Creek immediately appealed from the order of removal; that the only reason for not appealing was the agreement referred to.

The court struck off the appeal and sealed a bill of exceptions.

The overseers of Sugar Creek township took a writ of error, and assigned for error the order striking off the appeal.

*E. S. Golden* and *J. B. Neale*, for plaintiffs in error, cited Act of March 16th 1868, Pamph. L. 46, authorizing bills of exception in pauper cases.   When an appeal is prevented by the act of the

magistrate or the opposite party, courts permit their entry even after the statutory period : Louderback *v.* Boyd, 1 Ashmead 380 ; Haines *v.* Levin, 1 P. F. Smith 412 ; Noble *v.* Houk, 16 S. & R. 421.

*B.'Nulton,* for defendants in error.—Public officers cannot compromise the rights of a township : Westmoreland *v.* Conemaugh, 10 Casey 231 ; Bradford *v.* Keating, 3 Id. 275.

The opinion of the court was delivered, November 4th 1869, by
THOMPSON, C. J.—The order for the removal of the pauper in this instance, by Washington township, was issued on the 27th of March, A. D. 1868, and was served on the overseers of Sugar Creek Township on the 2d of April 1868. No appeal was entered from this order by the latter until December Term of that year, notwithstanding not only one, but two terms, of the Quarter Sessions, had intervened. The court below, at the instance of the defendants in error, quashed the appeal, and upon that decision this writ of error was issued.

That it was not in time, is most certain. The Act of the 13th June 1836, § 19, expressly requires that the appeal by the party aggrieved by any order of removal, shall be to the next Court of Quarter Sessions after such order made : Directors of the Poor of Westmoreland County *v.* The Overseers of Conemaugh Township, 10 Casey 231 ; and this whether notice of the order was given or not : Bradford Township *v.* Keating Township, 3 Casey 275.

But the plaintiff in error claims, that it has shown by affidavit that it was prevented from appealing, by an understanding with the defendants in error, that the matter in dispute should be arranged on a hearing by the overseers themselves in order to save the expense of litigation. The motive was commendable enough, and it would have been all well enough, if an amicable determination had been made. But the right of appeal was hazarded if the determination was not made before the first term. That once passed, the rights of the public intervened, and the officers could not change them.

Nor do we think the writ of error brings before us the affidavit or deposition of Thomas A. Foster, taken on the hearing of the rule to quash the appeal, for the purpose of showing why the appeal was not taken. The Act of 16th March 1868 does not extend to such testimony. That act provides that on the hearing of an appeal from an order of removal " it shall be lawful for either of the parties to the issue, to except to any decision of the court upon any point of evidence or law, which exception shall be noted by the court, and filed of record, as in civil cases ; and a writ of error to the Supreme Court may be taken by either party to the judgment of the court, with like effect as in civil cases."

[Sugar Creek Overseers *v.* Washington Overseers.]

It is apparent that this applies to the trial of the issues on the appeal. It expressly so says, and has no reference to a motion made to the discretion of the court, as this was. Treating the affidavit, as we do in other civil cases, in this respect, we know that affidavits taken for the purpose of quashing an appeal, or sustaining it—either from the award of arbitrators or the judgment of a justice of the peace, are not within the bill of exceptions allowed on the trial of the issue in such appeals, and cannot be brought up on a writ of error. We have, therefore, only the record before us, and that shows no error on part of the court in quashing the appeal.

The order of the court quashing the appeal is affirmed.