# Directors of the Poor of Blair County *versus* Overseers of the Poor of Clarion Borough.

1. A pauper having a legal settlement in the borough of Clarion became a charge on the county of Blair. He was duly removed to and accepted by the borough of Clarion, and the order of removal was served on the overseers of the poor of said borough, and no appeal was taken therefrom. A bill of expenses incurred by the county of Blair for the relief and removal of said pauper was duly proved and demand for its payment made upon the overseers of said borough. They denied their liability and refused to pay, and a rule to show cause why they should not pay granted by the Quarter Sessions of Clarion county was, after hearing, discharged. *Held,* that this was error, and that under the Acts of June 13th 1836, and April 15th 1867, the accepting district was liable for reasonable costs and charges, and the manner of enforcing that liability is in and through the Quarter Sessions.

2. Renovo Overseers *v.* Half-Moon Overseers, 28 P. F. Smith 301, distinguished.

October 23d 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Certiorari to the Court of Quarter Sessions of *Clarion county:* Of October and November Term 1879, No. 184.

This was a petition by the directors of the poor of Blair county for a rule on the overseers of the poor of Clarion borough, to show cause why the latter should not pay the costs and expenses incurred by said county of Blair in removing George W. Conard, a pauper, to the said borough of Clarion, and for his relief. The court discharged the rule on the ground that, as the order of removal was unappealed from, and the pauper had been accepted, there could be no recovery. The directors of the poor of Blair county took this appeal and assigned this action for error. The other material facts will be found in the opinion of this court.

*J. H. Patrick* and *B. J. Reid*, for plaintiffs in error.—The correctness of the bill of charges is not disputed, but as there was no appeal from the order of removal, the liability of the accepting district is denied on the authority of Renovo Overseers *v.* Half-Moon Overseers, 28 P. F. Smith 301. That case merely adopted the ruling of Directors of Schuylkill *v.* Directors of Montour, 8 Wright 484, which was decided before the passage of the Act of 1867, which act was not cited by counsel nor noticed by the court in the argument or decision of the later case. Had the act been brought to the notice of the Supreme Court we apprehend that the case would have been decided differently. The act referred to is the law that must govern in this case.

We may add, however, that the case of Overseers of Williamsport *v.* Board of Guardians of Philadelphia, 7 W. N. C. 222, rules that under the Act of 1867, the application to enforce payment of costs and expenses of removal, must be made as in this case, to the court having jurisdiction over the accepting district, recognising the Act of 1867 as the law.

*W. A. Hindman* and *Knox & Maffett, contra.*—An order of removal unappealed from is conclusive upon all parties, and where, under such order the pauper has been accepted, there can be no recovery from the accepting district for costs and charges: Renovo Overseers *v.* Half-Moon Overseers, 28 P. F. Smith 301 ; Bradford Township *v.* Keating Township, 3 Casey 275 ; Directors of Schuylkill *v.* Directors of Montour, 8 Wright 484.

If the Act of 1867 can have any application to the facts in this case it would merely create an indebtedness on part of the accepting district, without any statutory provisions giving jurisdiction to the Court of Quarter Sessions. And there being no disputed questions of any kind as to settlement, and nothing but a mere liability, if there is any liability, to pay a sum of money when properly liquidated, the appellants in this case could have only a common-law action to recover such indebtedness.

[Directors of Blair *v.* Overseers of Clarion.]

Mr. Justice MERCUR delivered the opinion of the court, November 28th 1879.

The Act of 13th June 1836 gave to the Quarter Sessions of the proper county jurisdiction to determine disputed questions between different districts of the Commonwealth, as to the settlement of paupers. Power was also thereby given to it to impose the costs and expenses of maintaining the pauper on the district properly chargeable with the support of the same.

Thus, if a poor person fell sick or died in a district in which he had not gained a settlement, so that he could not be removed therefrom, and on notice thereof, as prescribed by the act, to the overseers of the district in which he had last gained a settlement, they refused to pay the money expended for such poor person or for burying him, the 23d sect. provided that the Court of Quarter Sessions of the county in which such poor person was last settled, on complaint made, should compel the payment of all such sums of money as were thus necessarily expended.

In case a person has or is likely to become chargeable to any district into which he has come, before gaining a settlement therein, the 16th sect. provides for his removal to the district in which he was last legally settled. The 17th sect. makes it the duty of the overseers of said last district to receive him. The 19th sect. gives to any person aggrieved by such order of removal a right of appeal to the next Court of Quarter Sessions of the county from which the person was removed. In case of appeal, the 20th sect. authorizes the Court of Quarter Sessions to award to the party in whose behalf it shall be determined such costs and charges as may be reasonable and just, to be paid by the other party. The act failed to make any specific provision for the payment of costs and charges incurred by the district from which such poor person was removed, when the district which the magistrates adjudged to be the place of his last settlement accepted him and did not appeal from the order of removal. The Quarter Sessions could not order the payment of the costs and expenses incurred by the district from which the person was removed; and no implied promise arose from such acceptance to support an action of assumpsit: Directors of Schuylkill *v.* Overseers of Montour, 8 Wright 484.

To provide a remedy, the Act of 15th April 1867 was passed. It declares "it is the true intent and meaning of the existing laws of this Commonwealth that the district so accepting said poor person shall be liable to the district removing said poor person for costs and charges, in the same manner and to the same extent that they would ·have been had the case been determined against said district by the Court of Quarter Sessions upon an appeal from said order of removal." In Overseers of ·Williamsport *v.* Board of Guardians of Philadelphia, 7 W. N. C. 222, it was held that an

10 NORRIS—28

[Directors of Blair *v.* Overseers of Clarion.]

application for payment under this act must be made to the court having jurisdiction over the accepting district.

We have shown on an appeal the Act of 1836 expressly authorized the Court of Quarter Sessions to award such costs and charges as may be reasonable and just against the district in which the pauper was legally settled. The Act of 1867 imposes a liability to the same extent and in the same manner. It therefore follows that the accepting district is liable for reasonable costs and charges, and the manner of enforcing that liability is in and through the Quarter Sessions.

The admitted facts in this case are, that while the pauper had a legal settlement in the borough of Clarion, he became a charge on the county of Blair; that he was duly removed to and accepted by the borough of Clarion; that the order of removal was duly served on the overseers of the poor of said borough, and no appeal was taken therefrom. It also appears that a bill of the expenses incurred by the county of Blair for relieving and removing the pauper was duly proved, and demand for its payment made of the overseers of the poor of said borough, before application made to the Quarter Sessions to order payment thereof. The borough denied its liability and refused to pay. It will, therefore, be seen the facts are unlike those in Renovo Overseers *v.* Half-Moon Overseers, 28 P. F. Smith 301. There the record did not show any acceptance of the pauper, nor any demand for payment of the expenses incurred. It therefore follows the learned judge erred in discharging the rule to show cause which had been granted.

Decree reversed, and now rule reinstated and a *procedendo* awarded.