# Directors of the Poor of Perry County *versus* Overseers of the Poor of Chillisquaque Township.

Where an order for the removal of a pauper has been made and the county or district to which he has been removed does not appeal from such order, a writ of error will not lie to a subsequent order of the Quarter Sessions charging the district accepting such pauper with the costs of his previous maintenance. The Act of March 16th, 1868 (P. L., 46), giving such writ of error applies only to proceedings on appeals from the order of removal.

May 13th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Quarter Sessions of *Perry county :* Of July Term, 1885, No. 43.

This was a petition of the Overseers of the Poor of Chillisquaque township, Northumberland county, praying the Court of Quarter Sessions of Perry county to grant a rule on the Directors of the Poor of Perry county to show cause why the said directors should not be directed to pay the sum of $859, as the costs of maintaining and removing one Henry Hoover, a pauper, whose settlement had been determined to be in Perry county. The respondents filed an answer, admitting the charge but alleging that the amount claimed was excessive.

A commission was appointed to take testimony and it thereby appeared, *inter alia,* that an order had been made in 1884 for the removal of the pauper from the Chillisquaque township to Perry county ; that the Directors of the Poor of Perry county accepted him and took no appeal from such order of removal. On this testimony, and after argument, the Court of Quarter Sessions of Perry county made an order directing the respondents to pay to the Overseers of Chillisquaque township the sum of $545, in full for all costs claimed as above.

Thereupon the Directors of the Poor of Perry county took this writ of error, assigning for error the said order of the court.

On the argument in this court, the defendants in error moved to quash the writ on the ground that a writ of error does not lie to an order for the payment of costs.

*Sponsler* & *Shull,* for plaintiffs in error.—Our right to a writ of error does not depend upon an appeal from an order for removal, but an accepting district may contest the bill of costs and charges in the same manner and to the same extent as upon appeals. It is the first time they have the chance to be heard. They are not bound to appeal from an order removing their own pauper. They dare not anticipate that the bill of costs and charges will not be just and reasonable. If unjust and unreasonable they shall have the same right to except to any matter of law or evidence upon the hearing and argument as if they had taken the appeal and the writ of error in their right. The Act April 15th, 1867, P. L., 84, must be read together and *in pari materia* with the Act of June 13th, 1836, and when so read it is clear that it did not contemplate a right to a writ in case of an appeal and a forfeiture of such right for failure to appeal : Williamsport *v.* Guardians of Philadelphia, 7 W. N. C., 222 ; Blair Co. *v.* Clarion Co., 10 Norris, 431. It is argued that this writ should be quashed because the whole question is within the discretion of the Court of Quarter Sessions as to what is just and reasonable. It is not discretionary. The juris-

diction of the Quarter Session is in derogation of the common law right of trial by jury. It took the place of the common law action: Nippenose *v.* Jersey Shore, 12 Wright, 402; Marion *v.* Spring, 14 Id., 308; Whitehall *v.* Whitehall, 3 S. & R., 117; Hopewell *v.* Independence, 2 J.. 92; Bradford *v.* Keating, 3 Casey, 275; Schuylkill *v.* Montour, 8 Wr., 484; Directors *v.* Malany, 14 Sm., 144; Williamsport *v.* Guardians, 7 W. N. C., 222. Nothing is to be taken in favor of the statute by intendment. The powers given to the court must be strictly construed. They must determine what is " just and reasonable," according to the evidence and the law, as a jury would have done. The word " discretion " found in the 24th section, Act 9th March, 1771, 1 Dal. L., 580, has been significantly left out of the 20th section, Act 13th June, 1836.

*B. F. Junkin,* (*J. E. Junkin* with him), for defendants in error.—By the Act of March 16th, 1868, P. L. 46, the right to a writ of error in pauper cases is in express language limited to appeals from orders of removal, and does not apply to an order for costs, where there has been no such appeal : Sugar Creek Overseers *v.* Washington Overseers, 12 P. F. S., 479.

Mr. Justice GREEN delivered the opinion of the court, October 5th, 1885.

It is true that the Act of April 15th, 1867, P. L., 84, provides that the district accepting a poor person, without appeal, after an order of removal, shall be liable to the district removing the pauper for costs and charges, in the same manner and to the same extent that they would have been had the case been determined against the accepting district upon an appeal from the order of removal. But conceding this, the order of removal and the order to pay costs and charges are distinct matters, and are not necessarily parts of the same, or of one, proceeding. The Act of 1867 itself recognizes the very case of a liability for, and hence a proceeding to determine costs and charges where no appeal has been taken from the order of removal. So that although no such appeal has been taken the liability for costs and charges remains. In Directors of Blair *v.* Overseers of Clarion, 10 Nor., 431, we held that this liability might be enforced by a proceeding in the Quarter Sessions of the county of the accepting district. The Act of 1867, however, gave no writ of error, certiorari or appeal to the losing party, while the Act of 16th March, 1868, P. L., 46, did give a writ of error to either party in all cases of appeal, from orders of removal. It is by force of that Act only that a writ of error lies in such a case. While it is true that an order for reasonable costs and charges may be made in the hearing of an appeal,

still, the right to review such an order, if it exists at all, which is very questionable, exists only in the circumstances in which the law confers it, to wit, as a part of the proceeding by appeal from the order of removal. The present proceeding is not of that character and, therefore, the Act of 1868 is not applicable to it. It is not an appeal from the order of removal. On the contrary, it is a case in which the order of removal was assented to and the pauper accepted. To allow a writ of error in such a case we would be obliged to do so by implication only, contrary to the letter of the Act which allows the writ, and when, for aught that we know to the contrary, the legislature never intended to allow a writ. The order for costs and charges is certainly of a discretionary nature. It may well be that the legislature did not intend that a writ of error should lie to such an order. But it is enough for us to know that they have not given the writ in the Act which imposes the liability and provides a jurisdiction to determine it. We are unable to discover any necessary implication which requires us to give it in the face of the express legislation which gives it only in cases of appeals from orders of removal, and we therefore feel obliged to quash the present writ.

The writ of error is quashed.