Poor District of Green Township, Forest County, *v.* Poor District of Highland Township, Clarion County, Appellant.

*Poor law—Appeals from order to refund.*

An order of removal, unappealed from is conclusive as to the settlement of the paupers removed and of the pertinent and material facts therein recited.

There is no provision in the Act of March 16, 1868, P. L. 46, for appeals from the decree of the court of quarter sessions for the payment of money expended in the maintenance and support of paupers removed: Directors v. Overseers, 110 Pa. 153.

Argued May 6, 1897.   Appeal, No. 180, April T., 1897, by defendants, from decree of Q. S. Clarion Co., Nov. Sess., 1894, No. 2, making absolute rule on defendant for maintenance of pauper.   Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.   Appeal quashed.

Petition for rule on respondent to show cause why the respondent should not refund the petitioner moneys expended for support and maintenance of John Waterson and his family.   Before CLARK, P. J.

The facts sufficiently appear in the opinion of the court.

*Errors assigned* were (1) In its answer to plaintiff's fifth point, which point and answer is as follows : " That the order of removal above referred to unappealed from, is conclusive as to the settlement of John Waterson and his family in Highland township, Clarion county.   *Answer :* Affirmed."   (2) In its answer to the first conclusion of law requested to be found by respondent, which point and answer is as follows : " That the justices of the peace had no power to issue the order of removal in this case, the pauper, John Waterson, being dead at the time and not in existence.   *Answer :* Refused, under the facts in this case."   (3) In its opinion filed in holding that justices have the power and authority to issue an order of removal where the pauper has already died prior to the issuance of such order; and in holding that the service of an order of removal so issued on the proper overseers unappealed from is conclusive

of the question of the settlement of such deceased pauper. (4) In its answer to the twelfth conclusion of law requested to be found by respondent, which point and answer are as follows : " That a decree be entered in favor of Highland township and for its costs in this behalf expended.    *Answer :* Refused."

*Don. C. Corbett,* for appellant.

*Harry R. Wilson* and *T. F. Ritchey,* with them *Cadmus Z. Gordon,* for appellee.

OPINION BY BEAVER, J., July 23, 1897 :

The poor district of Green township, Forest county, secured on the 2d of July, 1894, an order of removal directed to the overseers of the poor of Highland township, Clarion county, for the removal of John Waterson and family who had become a charge upon the said township of Green.   This order of removal was duly served upon the overseers of Highland township, August 22, 1894.   No appeal was taken to the court of quarter sessions, as provided by the 19th section of the Act of June 13, 1836, P. L. 539.   The overseers of the poor of Green township subsequently petitioned the court of quarter sessions of Clarion county for " a rule on said Highland township to refund to the said Green township the said amount (expended for relief of Waterson and family) or show cause why it does not do so." On the 15th of March, 1897, the said court made the following decree : " After argument and upon due consideration of the testimony, rule absolute and it is adjudged, ordered and decreed that the poor district of Highland township, Clarion county, pay or cause to be paid unto the poor district of Green township, Forest county, Pa., the sum of 355 and $\frac{79}{100}$ dollars, with interest from this date, and with record costs, including costs of subpœnas, witnesses' costs and costs of depositions, which the clerk of the court is hereby ordered to tax up as in other cases, together with the officers' costs."   From this decree an appeal was taken by the appellants to this court, and the effort is made to secure a consideration of the questions which would have arisen if an appeal had been taken by the poor district of Highland township to the court of quarter sessions of Clarion county from the original order of removal.   These questions

could not have been considered by this court upon an appeal from the decree of the quarter sessions of Clarion county above recited, even if the appeal were authorized by law, inasmuch as an order of removal unappealed from is conclusive as to the settlement of the paupers removed and of the pertinent and material facts therein recited: Directors of the Poor of Westmoreland Co. v. Overseers of Conemaugh Township, 34 Pa. 231; Directors of Schuylkill v. Overseers of Montour, 44 Pa. 484; Sugar Creek Directors v. Washington Overseers, 62 Pa. 479; Directors of Blair County v. Overseers of Clarion Borough, 91 Pa. 431.

But a motion is made to quash this appeal on the ground that the Act of March 16, 1868, P. L. 46, providing for "writs of error to the judgment of the courts of quarter sessions on appeals from the orders of removal of paupers" does not apply to decrees by the quarter sessions for the payment of money incurred in the maintenance and support of paupers removed. The provisions of the act of March 16, 1868, supra, are specific and refer only to "appeals before any court of quarter sessions from the order of removal of paupers from one district to another." They do not embrace proceedings for securing the repayment of money expended for, or costs and charges incurred in, the removal of paupers from one district to another. The question has been distinctly ruled however in Directors of the Poor of Perry County v. Overseers of the Poor of Chillisquaque Township, 110 Pa. 153, in which Mr. Justice GREEN, delivering the opinion of the court, says: "To allow a writ of error in such a case we would be obliged to do so by implication only, contrary to the letter of the act which allows the writ; and when for aught that we know to the contrary, the legislature never intended to allow a writ. The order for costs and charges is certainly of a discretionary nature. It may well be that the legislature did not intend that a writ of error should lie to such an order. But it is enough for us to know that they have not given the writ in the act which imposes the liability and provides a jurisdiction to determine it. (Referring to the Act of April 15, 1867, P. L. 84.) We are unable to discover any necessary implication which requires us to give it in the face of the express legislation which gives it only in cases of appeals from orders of removal, and we therefore feel

obliged to quash the present writ." Following the authority of this case, we are bound to hold that the appeal from the court of quarter sessions of Clarion county is unauthorized.

Appeal quashed.