Overseers of the Poor of the Poor District of Davidson Township, Sullivan County, *v.* Overseers of the Poor of the Poor District of Muncy Creek Township, Lycoming County, Appellants.

*Poor law—Counsel fee allowed as costs and charges.*

A counsel fee for the winning party in a poor case may, under the Act of June 13, 1836, P. L. 545, be imposed on the losing party, where the court deems it to be a proper case and the amount of the fee is reasonable and just.

Argued Feb. 17, 1899. Appeal, No. 20, Feb. T., 1899, by defendants, from judgment of Q. S. Sullivan Co., Dec. Sess., 1897, No. 8, awarding counsel fee in pauper litigation. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by RICE, P. J.

Appeal from order of removal. Before DUNHAM, P. J.

It appears from the record that an order of removal had been made in the matter of George Kutz, a pauper, to Muncy Creek township, and that an appeal was taken from the order of removal, it having been finally settled that the last place of legal settlement of George Kutz, the pauper, was in Muncy Creek township. A bill of expenses and costs was filed by the overseers of Davidson township, including, inter alia, an item of attorney fee amounting to $100, which it was contended was to be paid for attorney services to said district in looking after the case. The overseers of the poor district of Muncy Creek township objected to the payment of this item, and on September 6, 1898, a rule was issued from said court to show cause why the said bill of costs should not be paid. The court after argument held that the sum of $100 for attorney's fees was reasonable and just for costs and charges and the poor

district of Muncy Creek township be ordered and directed to pay to the poor district of Davidson township one half of the said charge. Defendants appealed.

*Errors assigned* among others were (1) to the court in declining to affirm defendant's first point, which point and answer were as follows: " 1. That there is no legal warrant or authority in law whereby a counsel fee for the winning party in a poor case can be imposed on the losing township. *Answer:* This we decline to so find, and on the contrary find that in a proper case, where the court deem it reasonable and just, counsel fees paid by the winning party may be imposed on the losing township." (3) In declining to affirm defendant's third point, which point and answer are as follows: " 3. That there is nothing in the case at bar to show that the appeal taken by Muncy Creek township was either vexatious or frivolous. *Answer:* This we so find, but the statute gives the court authority to direct the party to pay reasonable and just costs and charges in all cases." (7) In that part of the decree, as follows: " The only thing then for us to consider is, What is a reasonable and just charge in this case? · We find then that all the items in the plaintiff's bill of costs except the item of $100 for attorney fee are reasonable and just, and order and direct the poor district of Muncy Creek township to pay the same to the poor district of Davidson township. In regard to the item of $100 for attorney fee, while we consider it a just and reasonable charge for the services performed by counsel for Davidson township, and no doubt Davidson township will pay the attorneys this amount, yet under all the circumstances of this case we feel it only reasonable and just that the poor district of Muncy Creek township should be ordered to pay to Davidson township the one half of this amount, or $50.00."

*W. E. Ritter,* for appellant.—The act of assembly under which authority seems to be vested in the courts of quarter sessions to dispose of the matter of costs in pauper cases is that of June 13, 1836.

Under this provision of the law it would seem to be a fair and proper interpretation to allow " costs and charges " only where appeals appear to be either vexatious or frivolous.

Of course so far as the legitimate costs are concerned, they might be recoverable in an action at law from the losing party, and their recovery is not a serious matter in this proceeding.

Without an express provision in the law, there could certainly be no recovery under a common-law action of an attorney fee from the winning party.

*W. E. Crawford*, with him *H. T. Downs*, for appellee.—We believe that the judgment of the court of quarter sessions in this case is fully warranted by an act of assembly, which is clear and unambiguous in its terms, is sustained by the weight of authority throughout the state, and that it is supported by uninterrupted practice in the courts of the county and district whence this appeal comes.

In the following cases counsel fees have been allowed: Jordan Overseers v. Jackson Overseers, 8 Pa. C. C. R. 152; Lower Augusta Overseers v. Howard Overseers, 4 Pa. C. C. R. 303; Milton Overseers v. Northumberland Overseers, 4 Pa. C. C. R. 306; Moreland Twp. v. Union Twp., 6 Pa. C. C. R. 566; Overseers of Lawrence Township, Clearfield County, v. The Overseers of Tioga County, 12 Pa. C. C. R. 305.

OPINION BY RICE, P. J., July 28, 1899 :

The recital of the general object of the legislature in passing an enactment, whether contained in a preamble or in the body of the act or section, may legitimately be consulted as an aid in solving any ambiguity, in fixing the meaning of the words which may have more than one, and in keeping the act within its real scope, whenever the enacting part is in any of these respects open to doubt. It is to be borne in mind, however, that the evil recited is but the motive for legislation, and a recital of some of the inconveniences which led to it does not necessarily exclude others for which a remedy is given. Hence, the true doctrine seems to be, " If on a review of the whole act a wider intention than that expressed in the preamble appears to be the real one, effect is to be given to it notwithstanding the less extensive import of the preamble : " Doe v. Brandling, 7 B. & C. 643, 660; Endlich on Interpretation of Statutes, secs. 62, 64. One of the objects of the legislation under consideration was " for the more effectual preventing of vexatious removals and frivolous appeals," but the enacting part does not confine

the power of the court to award costs and charges to such cases only but extends it to "every appeal." The only limitations of the power are that the costs and charges shall be "just and reasonable," and the determination of this is left to the sound discretion of the court of quarter sessions: Perry v. Chillisquaque, 110 Pa. 153. So far as this power is concerned, costs and charges are put in the same category, and a finding that the appeal was frivolous or the removal vexatious is no more an essential condition precedent to a valid order awarding charges than for an order awarding costs. It is not claimed that the court, in every case, must award the winning party an attorney fee, nor that such order must be made in every case where costs are allowed; but the term "charges" includes something more than costs technically so-called: Bouvier's L. Dict., and under some circumstances, of which the court of quarter sessions is primarily to judge, may include a reasonable allowance for necessary professional services. If the court of quarter sessions has not exceeded its power or abused the discretion vested in it, and has proceeded in the manner prescribed by law its judgment in discretionary matters like this will not be set aside, and that of the appellate court substituted.

Decree affirmed and appeal dismissed at costs of appellants.