## Valley Township Poor District v. Northumberland Borough Poor District.

*Poor laws — Order of removal — Costs and fees — Counsel fees — Act of April 6, 1905.*

1. Under the Act of April 6, 1905, P. L. 112, the amount to be paid by the losing poor district in proceedings for an order of removal are: (1) The cost of the proceedings; (2) the expense of removing; and (3) the proper charge for the relief of the poor person from the date of the notice.

2. Counsel fees in such case are not within the act, nor fees to poor directors.

Exceptions to bill of costs. Q. S. Montour Co., Jan. Sess., 1914, No. 6.

*M. H. Taggart,* for exceptions; *R. S. Ammerman,* contra.

POTTER, P. J., 17th judicial district, specially presiding, May 28, 1923.— From the records filed in this case we gather, in substance, the following:

That Jacob L. Garman, a single man, resided in Valley Township, Montour County, up to March 30, 1913, when he was removed to the Hospital for the Insane at Danville.

A dispute arose between the poor authorities of Valley Township and those of the Borough of Northumberland as to the place of settlement of the said Garman, each claiming it to be the other.

Proceedings were had under the Act of April 6, 1905, P. L. 112, between these two municipalities, which resulted in a decree by the Court of Quarter Sessions of Montour County, wherein Northumberland was decreed to be the legal place of settlement of the said Garman.

With these proceedings up to this stage of the case we have nothing whatever to do, they being recited only as a matter of the history of the case eventually leading up to the matters before us, which appear from this on.

A bill of costs was presumably filed on the part of Valley Township, to which exceptions were filed, which exceptions are before this court, or are supposed to be, for disposition.

In point of fact, however, we can find no such exceptions among the files. Therefore, all we can do is to pass upon the exceptions as we gather them from briefs of counsel and as we remember them at the time of argument.

There appear to be two versions of this bill of costs, the following being filed, or supposed to have been filed, by R. S. Ammerman, Esq., counsel for Valley Township, as appears among the files:

4 D. & C.

Valley Township Poor District *v.* Northumberland Borough Poor District.

*Bill of costs of petitioner.*

| | |
|---|---|
| By cash, paid order of relief for James Garman........... | .50 |
| By cash, paid Dr. Shultz for medical service.............. | 5.00 |
| By cash, paid Dr. Patton, medical service............... | 5.00 |
| Affidavit of hospital................................... | 1.50 |
| Harry Yeager, taking Garman to hospital.............. | 2.00 |
| Pauline Farnsworth, affidavits.......................... | .75 |
| Sheriff Startzell....................................... | 2.50 |
| Dr. H. B. Meredith, witness fees....................... | 1.12 |
| Hospital charges for keeping Garman at hospital, April 14, 1914, 55 weeks....................................... | 95.00 |
| Thomas Vincent, costs, Clerk of the Court of Quarter Sessions ......................................... | 10.00 |
| Counsel fees........................................ | 50.00 |
| | $173.37 |

This bill of costs is not marked "filed," but, inasmuch as it is among the papers of the case, we will presume it to have been filed. It should have been so marked.

From the brief of counsel for the Borough of Northumberland, as well as from a loose paper among the files, we find the following bill:

| | |
|---|---|
| Order of relief for Jacob L. Garman.................... | $2.50 |
| Dr. Shultz, medical services........................... | 5.00 |
| Dr. Patton, medical services........................... | 5.00 |
| Affidavit to certificate for admission to hospital........... | 1.50 |
| Harry Yeager, carriage taking Garman to hospital........ | 2.00 |
| Pauline F. Farnsworth, notary public, affidavits.......... | .75 |
| Sheriff Startzell....................................... | 2.50 |
| Dr. H. B. Meredith, witness, one day and mileage.......... | 1.12 |
| Mrs. Lytle, witness, one day and mileage................. | 1.24 |
| Hospital charges for keeping Garman from March 30, 1912, to April 20, 1914, 55 weeks, at $1.75 per week.......... | 96.25 |
| T. A. Benfield, director of the poor, for service, &c........ | 10.00 |
| W. David Wise, director of the poor, for service, &c...... | 10.00 |
| William Reeser, director of the poor, for service, &c....... | 5.00 |
| Thomas C. Vincent, Clerk Quarter Sessions, fees.......... | 10.00 |
| Attorney fees......................................... | 75.00 |
| Certified record, Northumberland County............... | 4.00 |
| | $231.86 |

We are at a loss to know which of these two bills is to be regarded as the official one. We will, therefore, make up a bill of costs, expenses and relief, to which, we think, the winning party is entitled.

We find the fee for a justice of the peace on the issuance of an order of relief to be 50 cents, by the Act of April 23, 1909, P. L. 160, and, there being two justices, they would be entitled to the sum of $1, to which should be added the sum of 25 cents each for docket entry, thus making the total of this charge to be $1.50.

The two items of $5 each to Dr. Shultz and to Dr. Patton, so far as light is shed on these two charges, seem to be correct, they apparently having rendered medical service to Garman of some kind, and they are allowed.

Valley Township Poor District *v.* Northumberland Borough Poor District.

The item of $1.50 for certificate for admission to the hospital, in the face of no opposition and no information against it, is allowed.

The item of $2 to Harry Yeager for conveying Garman to the hospital seems to be within the law governing these proceedings, and it is allowed.

The item of 75 cents to Pauline F. Farnsworth for affidavits is also allowed.

The item of $2.50 to Sheriff Startzell is disallowed, for the reason that there is nothing whatever to show what service he rendered. When a party is called upon to pay money he has a right to know what he is paying it for. In this charge, all we have is the following: "Sheriff Startzell, $2.50." We do not know if he rendered his official service, or whether he rendered service as a private individual, or whether his service, if any, was necessary, or whether it was within the meaning and contemplation of the act of assembly. This we are entitled to know, and so is Northumberland Borough, who must pay the bill.

The items of Dr. Meredith, $1.12, and Mrs. Lytle, $1.24, for witness fees and mileage, are legitimate charges, and are allowed.

There appears to be no dispute concerning the item of $96.25 for the maintenance of Garman in the hospital from March 30, 1912, to April 20, 1914, fifty-five weeks, at $1.75 per week. This item falls within the statute, and it is allowed.

The claims of T. A. Benfield, $10, W. David Wise, $10, and William Reeser, $5, directors of the poor, for services, are not allowed, for the reason that there is no warrant in the law for them.

The claim of Thomas C. Vincent of $10, as Clerk of the Court of Quarter Sessions, we think, is proper, and it is allowed.

The claim of $75 or $50, whichever it is, for attorney fees, is not allowed, because the law makes no provision for this charge.

The item of $4 for a certified record to Northumberland County is allowed, although there seems to be little use of any such a record in this case.

The amount to be taxed and paid by Northumberland Borough to Valley Township is entirely controlled by the 3rd section of the Act of April 6, 1905, P. L. 112, which reads as follows: "In case an order of removal is granted by any Court of Quarter Sessions of the Peace, under the provisions of this act, the court, in the same order, shall require the directors or poor law officers of the place of settlement to pay the petitioners the *cost of the proceedings, the expense of removing, and the proper charges for the relief of the poor person from the date of the notice first above provided for;* all of which expense, cost and charges shall be ascertained and allowed by the court. . . ."

It will be especially noted that the amount to be recovered from the losing party is (1) the cost of the proceedings; (2) the expense of removing; and (3) the proper charges for the relief of the poor person from the date of the notice. Nothing except what is embraced in this act, as above quoted, can be allowed, and counsel fees are not within the act: Westmoreland County Poor District's Appeal, 77 Pa. Superior Ct. 402, 409.

The case of Davidson Township *v.* Muncy Creek Township, 11 Pa. Superior Ct. 215, has been cited as sustaining the counsel fee as claimed in the bill filed; but this case is not applicable to the case at bar, it having been decided in the year 1899, and the present proceedings being had under the Act of 1905. Counsel fees were allowed under the Act of 1836, but as these proceedings were not had under that act, any decisions or *dictum* relating thereto are not applicable here.

4 D. & C.

Valley Township Poor District *v.* Northumberland Borough Poor District.

The Act of June 8, 1907, P. L. 487, provides for the payment of a yearly salary to directors of the poor, which, according to the population of Montour County, in this instance is $200 each, and this sum is to be "in full, in lieu of all other compensation for the services of directors of the poor, excepting traveling expenses. . . ."

In the face of this act of assembly, we fail to see how any claim for the fees can be made as appears in the bill under contemplation. Additional sums could be claimed for traveling expenses, if proper, but when they are claimed as "fees," we must disallow them.

In accordance with the expression herein contained, the bills as submitted are recast in one bill as follows:

| | |
|---|---:|
| Fees of justices for granting order of relief | $1.50 |
| Dr. Shultz, for medical services | 5.00 |
| Dr. Patton, for medical services | 5.00 |
| Affidavits for admission to hospital | 1.50 |
| Harry Yeager, for conveying Garman to the hospital | 2.00 |
| Pauline F. Farnsworth, for affidavits | .75 |
| Dr. Meredith, for witness fees | 1.12 |
| Mrs. Lytle, for witness fees | 1.24 |
| Maintenance of Garman from March 30, 1912, to April 20, 1914 | 96.25 |
| Thomas C. Vincent, Clerk Quarter Sessions, fees | 10.00 |
| Certified record, Northumberland County | 4.00 |
| | $126.36 |

And now, to wit, May 28, 1923, the exceptions to the bill of cost, expense and relief of Jacob L. Garman, as filed in this case, so far as they relate to the items of charge that are modified or eliminated, are sustained, and it is ordered and decreed that the bill of costs, expenses and relief, in accordance with section 3 of the Act of April 6, 1905, P. L. 112, to be paid to the petitioners by the respondent, be for the items and in the sum as herein above stated. This amount to be paid into the office of the Clerk of the Court of Quarter Sessions of Montour County, and funds or property of the said Garman, if any, to be turned over to the poor authorities of Northumberland Borough by those in whose hands they may be.

From Charles P. Ulrich, Selins Grove, Pa.