# Overseers of Washington *against* Overseers of Beaver.

Justices of the peace are incompetent, on the ground of interest, to grant an order for removal of a pauper from their own township to another.

Where a son becomes independent of his father's family, or emancipated from it, he will not acquire a settlement where his father goes to reside; but if he remains a part of his father's family, he will acquire a derivative settlement from the settlement of his father.

*CERTIORARI* to the Quarter Sessions of *Union* county, to which there was an appeal by the overseers of the poor of Beaver township, Union county, from the order of two justices of the peace, removing Jonathan Zerley, a pauper, from the township of Washington to the township of Beaver, in said county. The case came up on an exception to the opinion of the court.

The court below quashed the order of removal, on the ground that it was granted by two justices of Washington township; but the parties agreed to reinstate the case, that the main question might be decided.

Jacob Zerley resided in Beaver township from the year 1824 until the spring of 1841, when he purchased property in Washington township, and removed to it. His son, a lunatic, who was born in 1806, always lived with and formed part of his father's family. The father died in Washington township, soon after he removed to it. Jonathan, the son, became chargeable to Washington township after the death of his father; and the question was, to which township he was legally chargeable.

The court below affirmed the order of removal.

*Slenker,* for appellant, referred to the *Act of 3d June* 1836, *sec.* 1, 9, 10, 11, 28; 2 *Penn. Rep.* 432; 1 *Bl. Com.* 463.

*Miller, contra,* cited 2 *Johns.* 282; 14 *Johns.* 334; 2 *Cow.* 537; 2 *Lord Raym.* 1332; 3 *Burns' Jus.* 366, 372; 3 *Tenn. Rep.* 356, 114; 2 *Barn. & Ald.* 861.

The opinion of the Court was delivered by

Rogers, J.—A person may be entitled to a settlement either on the score of birth or acquisition, the manner of acquiring which is pointed out in the 9th section of the Act of 13th June 1836. There is also derivative settlement, which is the case of legitimate children following the settlement of the parent, and of the latter description is the case before us. The settlement of a pauper is

the place of his birth, but the birth of the child does not give him a settlement, except when the settlement of the father and mother is not known, and then only until it is known. And when the father gains a second settlement, after the birth of the child, that settlement is usually communicated to the child. 2 *Lord Raym.* 1332. The father's settlement is the settlement of the children when it can be found out; otherwise the birth of a child is *primâ facie* the settlement of the child, until another settlement is discovered. In the case before us, it is conceded that the father's settlement is the township of Beaver; and this is doubtless the settlement of the son, unless after he attained the age of 21 years, he became separated from his father's family. The rule is this:—where a son becomes independent of his father's family, or emancipated from it, he will not acquire a settlement where his father goes to reside. But if he remains part of his father's family, he will acquire a derivative settlement from the settlement of his father. *Bur. Settl. Cas.* 806; *Halifax* v. *Warley*, (3 *Burns' Jus.* 373). A child is not emancipated so as to lose the benefit of any settlement which his father may gain until 21 or marriage, or till he has gained a settlement in his own right, or till he has contracted a relation inconsistent with the idea of being part of his father's family. These principles are decisive of the case in hand, as the lunatic has never ceased to need or receive the protection of his father, and, from his helpless situation, was incapable of contracting any relation inconsistent with that position.

The same construction must be given to the Act of 1836, as has been already given to other similar provisions in the Act of 1771. 1 *Yeates* 251; 2 *Dall.* 213. As it is against natural justice to make a man a judge in his own case, nothing but express words can induce us to give an Act of the Legislature such a construction. On the last ground, the order of removal is quashed.

Order quashed.