## M'Veytown *against* Union Township.

A justice of the peace is incompetent to grant an order for the removal of a pauper from his own township to another.

*CERTIORARI* to the Quarter Sessions of *Mifflin* county.

This was an appeal from the order of two justices removing a pauper from the Borough of M'Veytown to the Township of Union. After the cause was argued upon its merits in the court below, the appellee moved to quash the order of removal on the ground that William J. M'Coy, one of the justices who made the order of removal, was a resident of the borough of M'Veytown. This was opposed on the ground that the Act of 20th March 1810, sect. 4, cured all defects in matters of form or substance in the proceedings of the justices.

Wilson (President). The objection here is neither to the matter of form or substance of the proceedings, but to the jurisdiction of the justices, which can be taken advantage of in any stage before a final decree. Let the proceeding be quashed.

*Benedict*, for the appellant, whom the court declined to hear.

*Blanchard*, for appellee, cited 5 *Binn.* 85 ; 3 *Watts & Serg.* 548.

The opinion of the Court was delivered by

Rogers, J.—Justices of the peace are incompetent, on the ground of interest, to grant an order for the removal of a pauper from his own township to another. *Overseers of Washington* v. *Overseers of Beaver*, (3 *Watts & Serg.* 548). This decision was made on the Act of 1836, in accordance with a similar decision, 1 *Yeates* 251 ; 2 *Dall.* 213, on a similar statute. It is, however, said that the 4th section of the Act of 1810, which provides " that upon an appeal from two justices, no deficiency of form or substance in the record or proceedings returned, nor any mistake in the form or name of the action, shall prejudice either party in the court to which the appeal shall be made," remedies the defect. But the objection is not to the record or proceedings returned, but to the jurisdiction of the justice, on the ground that it is against natural justice to make a man a judge in his own cause. And this principle cannot be dispensed with, except in a case of necessity or by authority of express words in the statute, neither of which can be pretended here.

Proceedings affirmed.