Overseers of the Poor of Young Township District *v.* Overseers of the Poor of Blacklick Township, Appellant.

*Poor law—Settlement—Boroughs—Annexation.*

Where a pauper has gained a settlement in a township by purchase of land and living thereon for more than one year, his legal settlement in the township is not affected by proceedings which sought to annex the land where he dwelt to a borough, where it appears that the proceedings were fatally defective in that no petition for annexation of territory was presented, nor legal ordinance was passed, recorded or advertised, and no plan or plot of the land was submitted or filed.

Argued May 5, 1902.   Appeal, No. 123, April T., 1902, by

630     YOUNG TWP. *v.* BLACKLICK TWP., Appellant.

Statement of Facts—Opinion of Court below. [20 Pa. Superior Ct.

defendant, from order of Q. S. Indiana Co., June T., 1900, No. 25, affirming order of removal in case of Overseers of the Poor of Young Township District v. Overseers of the Poor District of Blacklick Township. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Appeal for order of removal.

The court, HARRY WHITE, P. J., found the facts to be as follows :

The history of this case is very brief. William Swauger in 1889, while in Young township, became a charge, and December 29, 1899, an order of maintenance was issued placing him on the township. On this order the overseers of Young township took the pauper. They, discovering he had no legal settlement in that township but had bought by deed, December 8, 1888, a lot 60 by 165 feet in Blacklick township, for which he paid $400, and on which he lived for about ten years, claimed this gave him settlement in Blacklick township and they, May 21, 1900, applied for an order of removal to Blacklick which, after notice and hearing, was, June 5, 1900, granted and the pauper removed accordingly to Blacklick. The overseers of Blacklick appeal from this order, claiming that, while the pauper lived on the lot he purchased in their township, yet, in April, 1897, he sold and conveyed this lot to one Joseph Ferguson and that it was annexed in December, 1897, to the borough of Jacksonville, which it adjoined, and, therefore, under the 12th section of the act of 1836, the pauper's settlement is in Jacksonville and not in Blacklick. Hence the contention.

FINDINGS OF FACT.

1. William Swauger, while living in Young township, December, 1899, became a charge and an order of relief regularly issued December 29, 1899, was placed in the hands of the overseers of Young township, and they accordingly, under it, took charge of and gave relief to the pauper. They supported the pauper from December 29, 1899, until the removal under the order of removal of June 5, 1900.

2. May 21, 1900, the overseers of Young applied to Justice

Crossman for an order of removal to Blacklick township. A hearing was set and had on this application, May 29, and notice thereof served on the overseers of Blacklick township on May 21. "June 5, 1900, after hearing and considering the proofs and allegations of the plaintiff and defendant, the order of removal was granted."

3. From this order of removal the Blacklick overseers appeal, contending that in 1897, William Swauger sold and conveyed the lot he purchased in 1888 in Blacklick township to Joseph Ferguson, and that such lot in December, 1897, was annexed to Jacksonville borough by the town council thereof.

4. William Swauger never gained a settlement in Young township, but by dwelling on the lot situate in Blacklick township, conveyed to him in 1888, for a period of one whole year, became seized of a freehold in Blacklick township that gave him a settlement there and he never since gained one elsewhere.

5. We do not find as a fact that the lot Swauger purchased in 1888 and sold in 1897 to Joseph Ferguson was ever annexed to Jacksonville borough and became part of such borough. While what appears to be the minute book of the council of Jacksonville borough recites a petition of "Joseph Ferguson and S. F. Ferguson, who own property in Blacklick township and also reside on same ; said property being adjacent to our lot in Jacksonville borough. Do pray council to have said lot, 60 feet front and 165 feet back from north side of Saltsburg road (said lot being located on eastern boundary of said borough), annexed to said borough. On motion we passed the following ordinance to admit the property described in the aforesaid petition, into the borough of Jacksonville subject to the jurisdiction and government of the said borough, as provided by the act of assembly approved July 15, 1897. Motion passed unanimously." This is signed by J. A. Downey, president, and W. L. Shields, secretary, and "Approved R. H. Cunningham, Burgess." We do not find any ordinance was passed ; at least, no ordinance was offered in evidence. No ordinance book, in which an ordinance was recorded and approved by the burgess, was offered, and, according to the testimony, none such has any existence.

6. We find, further, on the testimony of W. L. Shields, who

was clerk of council, that there was no petition presented to the council asking for the annexation of any territory, that there was no ordinance recorded in any borough ordinance book with the certificate of the secretary, and that the proceedings offered in evidence from the minutes of the town council of December 14, 1897, were not recorded in any borough ordinance book with the certificate of the secretary, nor where they advertised as ordinances are required to be advertised by law.

7. Further, that no plan or plot of the lot owned by Joseph Ferguson, bought by him from Swauger, was filed in the office of the court of quarter sessions of Indiana county, or notice published in any of the newspapers published in the county.

8. Further, Joseph Ferguson alone owned the lot by the conveyance from Swauger, and no person else owned it with him; and that after he bought it he lived on it.

9. We find, further, that Joseph Ferguson before he bought this lot owned property situate in the borough of Jacksonville, and that he had paid tax in such borough.

10. That in 1898, 1899 and 1900, borough, school and poor taxes were assessed on this lot in Jacksonville borough; that Joseph Ferguson has paid some taxes on it in Jacksonville borough.

11. That Joseph Ferguson in 1898 and 1899 was a school director, councilman and overseer of the poor in Jacksonville borough.

12. That Samuel Ferguson does not have any interest in this lot, but has resided with his father, Joseph Ferguson, in 1898 and 1899, and that he during said years held the office of inspector of elections in said borough. We do not find that he was a legal elector of the borough of Jacksonville from the facts in evidence.

The court sustained the order of removal.

*Error assigned* was the order of the court.

*D. B. Taylor*, with him *S. M. Jack*, for appellant.—The land on which the pauper resided, having been changed from one district to another, the legal settlement of the pauper must be regarded as changed in like manner: Overseers of Plunkett's Creek v. Overseers of Shrewsbury, 3 Pa. Dist. Rep. 613 ; Lewis

Township v. Turbut Township, 15 Pa. 145 ; Act of June 13, 1836, P. L. 539, secs. 12, 45.

The ordinance was properly proved by the production of the original : Morrellville Borough's Annex., 7 Pa. Superior Ct. 541.

It was not necessary to prove the preliminary steps taken in passing and publishing the ordinance ; the book was prima facie evidence of the validity of the ordinance : Grier v. Homestead Boro., 6 Pa. Superior Ct. 542 ; Wharton's Ev. sec. 544.

The passage of this ordinance was within the power of the borough : Act of July 15, 1897, P. L. 296.

This act does not require that there must be more than one tract annexed.

*S. J. Telford*, with him *Ernest Stewart*, for appellee.—In annexation proceedings under the Act of April 3, 1851, P. L. 320, and its supplements, all the requisites and conditions precedent must be shown to have existed in order to uphold the proceedings : Devore's Appeal, 56 Pa. 163 ; Tunkhannock Borough Extension, 3 Pa. C. C. Rep. 480 ; Marshall v. Com., 59 Pa. 455 ; Pittsburg's App., 79 Pa. 323.

OPINION BY ORLADY, J., July 10, 1902 :

The only question in this case is, what was the legal settlement of William Swauger at the time he became a public charge and when the order of removal from Young township to Blacklick township was issued on December 29, 1899.

The transfer of real property from a township to a borough by annexation proceedings is regulated by statute and must be strictly followed. The attempt to annex the lot of ground, at the time admittedly in Blacklick township, into the borough of Jacksonville, was void, in that the proceeding was not in conformity with any act of assembly. There was no petition for the annexation of any territory ; no ordinance was passed, as is required by law, and hence could not be recorded in any borough ordinance book with the certificate of the secretary ; it was not advertised, and there was no plan or plot of the lot submitted or filed. This irregular proceeding did not affect the legal settlement of Swauger, who resided upon the land. This remained as theretofore : Lewis Township v. Turbut Township, 15 Pa. 145 ; Act of June 13, 1836, secs. 12, 45.

It is not material to consider the effect of the borough's subsequent ratification of the void ordinance. The payment of taxes was assented to by the owner, and the township authorities did not assert their right to them. The whole proceeding being void in law, no subsequent action of the borough could change the legal status of Swauger's settlement. Blacklick township was the place of his last legal settlement and that township is liable.

The judgment is affirmed.