# Highland Township Poor District *v.* Jefferson County Poor District, Appellant.

*Poor law—Settlement—Payment of taxes.*

A person inhabiting a poor district who has paid his taxes for seven years . successively, has gained a settlement in such district and it is immaterial whether the taxes have been regularly assessed or not.   The proof of the assessment of taxes is admissible as a step towards showing the payment of same, but it is of no value unless followed by proof of payment.

*Poor law—Settlement of father—Minor—Emancipation.*

A minor does not lose the derivative settlement which he has through his father, merely because the father premits the minor to reside in another county, where it appears that the father's home was always open to the child, and there was no emancipation of the minor from the control of the father.

Argued May 3, 1904.    Appeal, No. 25, April T., 1904, by defendant, from order of Q. S. Clarion Co., Aug. T., 1902, No. 1, affirming order of removal in case of Highland Township Poor District v. Jefferson County Poor District.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Appeal for an order of removal.

WILSON, P. J., found the facts to be as follows :

The dispute in this case is in reference to the last place of .legal settlement of Clarence Fultz, .a pauper.    From the facts in evidence it appears that Clarence Fultz, the pauper, was born in Highland township, Clarion county, Pa., on April 8, 1882.

His mother died about the year 1890, leaving to survive her a husband and six children who lived all together, until the fall of 1892, on a tract of real estate in Highland township, to which the title in fee was vested in the father, Samuel Fultz.

On November 27, 1892, Samuel Fultz married Adella Whitmer who then joined their family in Highland township.

From the spring to the fall of 1893 Samuel Fultz with his wife and Clarence resided in Farmington township, Clarion county, Pa., and then moved to Knox township, Jefferson county, Pa., with his wife and son Clarence, leaving the other five children at his homestead in Highland township, and the said father and his wife have continued to live in the said township of Knox, Jefferson county, Pa., from September 19, 1893, to the time of bringing this suit, and he gained a legal settlement therein by the payment of taxes for a period of seven years.

When S. H. Fultz left Farmington township, Clarion county, to move to Knox township, Jefferson county, with his wife, he took his son Clarence, the pauper, with him as a member of his family and retained him there for a period of six weeks at which time he became despondent and homesick to see his brothers and sisters and then returned to their homestead, owned by his father, in Highland township, Clarion county, with his father's consent and permission, and remained there continuously, except for a short visit about Christmas a few years after, to his father in Knox township, until he became a pauper in due form of law in the poor district of Highland township on the 11th day of March, 1902, and continued as a charge on said poor district until the date of his death therein on July 5, 1902.

During the year 1902, and for several years prior thereto, Samuel Fultz, the father, had acquired a settlement in the poor district of Jefferson county.

The court affirmed the order of removal.

*Errors assigned* were rulings on various requests and findings of fact of law.

*Don C. Corbett* and *A. C. White*, with them *H. E. Rugh*, for appellant.—Proof of assessment of taxes, though insufficient, without evidence of their payment to prove settlement,

is the first step toward showing such settlement: Lower Augusta Twp. v. Selinsgrove, 64 Pa. 166; Crossley v. Demott, 2 Leg. Opinion, 161.

The emancipation of the son from the control of the parent may be as perfect, while living under the same roof, as if they were separated: McCloskey v. Cyphert, 27 Pa. 220; Beaver v. Bare, 104 Pa. 58; Rush v. Vought, 55 Pa. 437.

Where a child has been emancipated by his father he does not take by derivation a settlement thereafter acquired by the father, but retains the settlement of the father at the time of the emancipation, until he gains another in his own right: Overseers of Toby v. Overseers of Madison, 44 Pa. 60.

*George F. Whitmer*, for appellee.—Proof of payment of taxes is evidence of their assessment for the reason that the municipality does not collect taxes unless the same are assessed; and whatever is done is presumed to have been done regularly and with due formality until the contrary is proved. Emancipation to effect the settlement of a pauper must be proven, not presumed; Rex v. Halifax, Burrow's Settlement Cases; Lowell v. Newport, 66 Me. 78; Oldtown v. Falmouth, 40 Me. 106; Lewis v. Turbut, 15 Pa. 145.

OPINION BY ORLADY, J., July 28, 1904:

The court below found that when the father of the alleged pauper had moved from Highland township, Clarion county to Jefferson county, some of his children had been permitted to remain at their old home in Clarion county, on lands, the title to which was vested in the father. The alleged pauper went with the father to Jefferson county but remained only a short time, and then returned to his former home where he stayed continuously. This home had been provided by the father for all of his children by his first wife. There was nothing in the evidence to show how the alleged pauper had been maintained while he had resided in Highland township.

The court also found that the father had not sent the minor son (the alleged pauper) to his Highland township home for any fixed period of time, and that he had not relinquished his right of control over the child. The Jefferson county home was always open to this child and there was no emancipation

of the son from the control of the father. By the payment of taxes in Jefferson county for a period of seven years, the father had acquired a legal settlement therein from September 19, 1893, until the bringing of this action.

There was no evidence in the case sufficient to justify the court in holding that the son had been emancipated from parental control, hence no question of other than a derivative settlement through the father arises ; and under the facts as found by the court there was an actual legal settlement of the father, which under the law was the settlement of the minor.

Appellant's contention that the mere finding of the fact that the taxes had been paid for a period of seven years was not sufficient without proof that the taxes had been regularly assessed, is without merit. The act 1836 declares that a settlement may be gained by any person inhabiting a district who shall be charged with and pay his proportion of any public taxes or levy, for two years successively. The proof of the assessment of the taxes is admissible as a step towards showing the payment of same, but it is of no value unless followed by proof of payment : Lower Augusta v. Selinsgrove, 64 Pa. 166.

In this case the conclusion reached is several steps beyond the mere assessment of taxes, inasmuch as the court found that the taxes had been paid; this is the last step in the discharge of the citizen's duty in bearing his share of the public burden, and until the contrary is shown the presumption follows that the taxes had been regularly assessed, and that the formalities of the law had been observed.

The questions involved were purely of fact, and have been found by the court below to determine the last legal settlement of the alleged pauper at the time he became a public charge, and also at the time of his death, to be in the poor district of Jefferson county.

The order of the court is affirmed.