## Eastside Borough Overseers v. Denison Township Overseers, Appellants.

*Poor law—Order of removal—Costs—Act of June 13, 1836, P. L. 539.*

Under the poor law Act of June 13, 1836, P. L. 539, an order of removal may be made where any pauper is likely to become chargeable to a district which is not liable for the support of the pauper, and it is not necessary to justify such order that a previous order of relief should have been granted. In such a case the costs may be imposed upon the district of the pauper's last settlement and to which he has been removed.

Argued March 8, 1910. Appeal, No. 35, March T., 1910, by defendant, from order of Q. S. Luzerne Co., Sept. T., 1909, No. 657, sustaining petition for mandamus in case of Eastside Borough Overseers of the Poor v. Denison Township Overseers of the Poor. Before HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Petition for writ of mandamus. Before O'CONNOR, P. J.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was order overruling rule to quash writ of mandamus.

*Charles F. Wharen,* for appellants.—The appellants contend that the absence of an order of relief in this case, prevented the jurisdiction of either the justice or the overseers from attaching, and that the question is properly raised: Reinach v. R. R. Co., 58 Fed. Repr. 33; Pantall v. Dickey, 123 Pa. 431; Brunner's App., 47 Pa. 67; Schumate v. McGarity, 83 Pa. 38; Fowler v. Eddy, 110 Pa. 117; Lacock v. White, 19 Pa. 495; Poor Dist. of Edenburg v. Stattonville, 5 Pa. Superior Ct. 516.

*Laird H. Barber,* for appellee.—An order for the payment of costs and damages may be enforced by mandamus; and, on the mandamus, the court will not consider either the regularity of the prior proceeding or the correctness of the bill: Moreland Township Poor Dist. v. Uniontown Poor Dist., 4 Kulp, 91; Com. v. Uniontown Overseers, 4 Kulp, 95.

OPINION BY BEAVER, J., April 18, 1910:

The overseers of the poor of East Side borough, Carbon county, made complaint that Elizabeth Oakes and some minor children were likely to become chargeable to said borough, and asked for an order of removal to remove her to Denison township, Luzerne county, her last place of settlement. An order of removal was awarded by the justice, and the overseers of Denison township appealed therefrom to the court of quarter sessions of Carbon county, which affirmed it.

A petition was presented to the quarter sessions of Luzerne county for a writ of mandamus to issue to the overseers of Denison township to pay the costs awarded in the quarter sessions of Carbon county, upon the appeal from the order of removal made by the justice. Upon argument, the court made the following decree: "And now, December 15, 1909, the motion to quash writ is overruled, the rule heretofore granted is made absolute, and the overseers of the poor of Denison township are directed to pay the costs and charges of this proceeding within thirty days from the date upon which this decree is filed; otherwise mandamus to issue in accordance with the petitioner's prayer." This decree is assigned for error and constitutes the only assignment.

Under sec. 16 of the Act of June 13, 1836, P. L. 539, it is provided: "On complaint made by the overseers of any district to one of the magistrates of the same county, it shall be lawful for the said magistrate, with any other magistrate of the county, where any person has or is likely to become chargeable to such district into which he shall come, by their warrant or order, directed to such overseers, to remove such person at the expense of the district, to the city, district or place where he was last legally settled, whether in or out of Pennsylvania, unless such person shall give sufficient security to indemnify such district, to which he is likely to become chargeable as aforesaid."

The question of the regularity of the order of removal by the justice in Carbon county, was determined upon the appeal to the court of quarter sessions of that county, and the raising of the question in the appeal under consideration is

met by the appellant by the allegation that the justice was without jurisdiction, for the reason that no order of relief had been granted in the case before the application for an order of removal. This, however, was not necessary, because by the very terms of the act, application can be made by the overseers and the magistrates can grant an order of removal "where any person has or is likely to become chargeable to such district into which he shall come." In this case the terms of the petition were in accordance with the act that the person was likely to become chargeable.

By sec. 22 of the act above referred to, provision was made for the collection of the costs of such a proceeding, as follows: "If any overseer be ordered to pay costs or charges as aforesaid, and the township liable therefor be out of the jurisdiction of such court, it shall be the duty of the court of quarter sessions of the county in which such township is situate, on request to them made, and on the production of a copy of such order, certified under the seal of the court making the same, to compel payment of such costs and charges, according to law." Here then was express authority for the order of the court from which this appeal is taken.

There is, therefore, neither reason for nor merit in the appeal upon any of the grounds presented by the appellant.

That the petition to the court of quarter sessions of Luzerne county, to enforce the payment of the costs incurred and created by the appeal in the court of quarter sessions of Carbon county was authorized by the act of June 13, 1836, in the manner pursued in this case is directly ruled in Directors of the Poor of Blair County v. Overseers of the Poor of Clarion Borough, 91 Pa. 431.

The case is entirely free from difficulty. The record is regular on its face, which is all we can consider upon certiorari; and, even if an appeal to this court was allowable, there are no merits in such an appeal under the facts of this case.

The order of the court below is affirmed and the appeal dismissed at the costs of the appellant.