## Denison Township Overseers v. White Haven Boro. Overseers.

*Poor law—Settlement — Assessment books — Payment of taxes — Insane pauper—Acquiescence of authorities in paying hospital charges.*

1. In a proceeding to determine the settlement of a pauper, the production of assessment books is of no value unless accompanied by proof that the pauper did pay taxes.

2. If a pauper has been placed in an insane hospital and subsequently is discharged cured, he may, if of full age, acquire a new settlement.

3. Acquiescence of the authorities of a poor district in paying insane hospital charges for a pauper for eight years would indicate that such authorities considered him a resident of their district.

Citation. Q. S. Luzerne Co., Sept. Sess., 1922, No. 640.

*C. F. Wharen,* for plaintiff; *E. J. Moore* and *R. J. O'Donnell,* for defendant.

JONES, J.—Upon application of the Overseers of the Poor of Denison Township, the Court of Quarter Sessions issued a citation to the Overseers of the Poor of White Haven Borough to show cause why an order should not issue

for the removal of James Coniker, a pauper, into their custody and to be provided for by them.

After hearing, the court finds the following

### Facts.

1. James Coniker, conceded to be a pauper, was committed to the Danville Hospital for treatment on Sept. 28, 1912, by the Overseers of the Poor of White Haven Borough, and the expenses and charges thereof paid by them, and he remained there until May 13, 1913, when he returned and took up his residence with his family in Denison Township.

2. On June 17, 1914, he was again committed to the Danville Hospital for treatment by the Overseers of the Poor of Denison Township; he is still confined there, and all the expenses and charges thereof have been and are being paid by said poor district.

3. That the petitioners never notified the Overseers of the Poor of White Haven Borough in writing that the place of settlement of James Coniker was in White Haven Borough until October, 1922.

4. Counsel for the petitioners contends that he gave verbal notice to George Horton, now dead, Overseer of the Poor of White Haven Borough, and to their counsel, in 1915, that the place of settlement of James Coniker was in White Haven Borough. Such notice is denied by counsel for respondent. No action having been taken by the complainant until 1922, the long delay persuades us that the first legal notice given by complainant to respondent was Oct. 23, 1922, when the petition for a citation was filed.

5. James Coniker was assessed as a laborer in the north ward of White Haven Borough for the years 1910, 1911 and 1913, and was not assessed for the year 1912, and there is no proof that he ever paid taxes therein.

6. James Coniker, from May 13, 1913, when he was released from the Danville Hospital, *bona fide* came into Denison Township to inhabit therein and continued to reside there with his family until June 17, 1914, when he was recommitted by the overseers of the poor of said township to the hospital for care and treatment, where he still remains.

7. That the settlement of James Coniker on June 17, 1914, when committed to the Danville Hospital, was in the Township of Denison, Luzerne County.

### Discussion.

James Coniker, about forty-six years of age, single and admitted to be a pauper, was living with his father and mother and family in Denison Township for many years, near the boundary-line between said township and White Haven Borough. During the rebuilding of the homestead, which required considerable time, owing to some trouble not disclosed, the family, including James, moved into the borough, and while there he was committed to the hospital at Danville for treatment on Sept. 28, 1912, the charges and expenses thereof being paid by the Overseers of the Poor of White Haven Borough. On May 13, 1913, he was permitted to return to his home and renew his relation with the family, who had moved, in the meantime, from the borough into Denison Township and taken up their residence in the new homestead. He lived there with his parents until June 17, 1914, when he was again recommitted to the hospital at Danville, and the expenses and charges thereof paid by the Overseers of the Poor of Denison Township, and they have continued to pay all charges from said date to the present time, without any attempt to have him removed from the township into the borough and to become a charge thereon, until October, 1922, a period of more than eight years.

Denison Township Overseers *v.* White Haven Boro. Overseers.

His brother, a witness on behalf of the respondent, and the only witness called to establish the residence of the family, was not certain as to the exact time when the family moved from the borough into the township, but was sure that when his brother returned he came to their home in Denison Township.

The hospital record establishes the date of his return as May 13, 1913, and having been recommitted by the township authorities in June, 1914. More than one year having elapsed, Coniker gained a settlement in said township by having *bona fide* inhabited and continued to reside therein for more than one year.

The admission of the assessment books by the petitioners, showing his assessment as a laborer in White Haven Borough in the year 1913, was simply a step toward showing the payment of taxes, which, if proved, might establish his settlement in the borough, but, in the absence of proof of payment of any tax by James Coniker, in pursuance of the assessment in 1913, the assessment books were of no value: Poor District *v.* Poor District, 25 Pa. Superior Ct. 601.

We, therefore, conclude as a matter of law:

1. That the settlement of James Coniker on June 17, 1914, when he was committed to the Danville Hospital by the Overseers of the Poor of Denison Township, was in the Township of Denison.

2. That the rule to show cause why citation should not be issued in the above case be discharged.

JONES, J., Sept. 11, 1924.—A citation to show cause why an order should not issue for the removal of James Coniker, a pauper, into the custody of the Overseers of the Poor of White Haven Borough was discharged, to which order the Overseers of the Poor of Denison Township have filed exceptions.

The only new matter worthy of consideration and suggested by the petitioners is the claim that James Coniker, a pauper, was incapable of changing his settlement when he left the Danville Hospital on May 13, 1913.

Coniker, an adult, lived with his father and was committed, as a pauper, to the Danville Hospital for treatment on Sept. 28, 1912, by the Overseers of the Poor of White Haven Borough, and while an inmate his parents removed from White Haven Borough into Denison Township. He was released from the hospital on May 13, 1913, returning to the home of his father in Denison Township, where he remained until June 17, 1914, when he was again committed to the Danville Hospital by the Overseers of the Poor of Denison Township.

Between the date of his release in May, 1913, and his return for treatment on June 17, 1914, there is no evidence that Coniker was an imbecile or a pauper.

If he continued as an imbecile or a pauper after his release in March, 1913, he would be incompetent to acquire a settlement in the Township of Denison; but being of full age and his mental condition restored to the extent that he was released from the hospital, and not being a charge or pauper, he could, and did, in our judgment, acquire a settlement in the Township of Denison, and the recommitment by the Overseers of the Poor of Denison on June 17, 1914, as a resident of Denison Township and their continuing to pay his expenses and maintenance until 1922, a period of at least eight years, without complaint, is very persuasive that the petitioners considered the legal residence of Coniker in the Township of Denison. Exceptions are dismissed.

From F. P. Slattery, Wilkes-Barre, Pa.