## Allegheny County, Appellant, v. Pittsburgh.

*Poor laws—Poor districts—Counties—Neglected and dependent children—"Poor persons"—Juvenile courts—Words and phrases— Act of April 23, 1903, P. L. 274.*

1. Neglected or dependent children are not "poor persons" within the meaning of the poor laws.

2. It is not a primary purpose of the juvenile court legislation to aid the poor.

3. The mere finding of the court that a child is either neglected or dependent, without more, cannot fix upon a poor district the responsibility for its maintenance.

4. The purpose of the Act of April 23, 1903, P. L. 274, was not to put any new charge upon poor districts, but only to give counties the right to recover over from poor districts, if the latter were liable under existing laws.

*Poor laws—Settlement—Children—"Found" in district.*

5. In order to hold a poor district liable for the cost of a poor person's maintenance, it must be shown that the pauper had a legal settlement in the district. A finding that the person was "found" within its territorial limits, is insufficient.

Argued September 30, 1924. Appeal, No. 49, Oct. T., 1924, by plaintiff, from judgment of C. P. Allegheny Co., Jan. T., 1924, No. 2178, for defendant in case tried by the court without a jury, in case of Allegheny County v. Pittsburgh. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit to recover for cost of maintenance of children. Before SWEARINGEN, J.

The opinion of the Supreme Court states the facts.

Judgment for defendant. Plaintiff appealed.

*Error assigned* was, inter alia, judgment, quoting it.

*William C. Jacob,* Assistant County Solicitor, with him *W. Heber Dithrich,* County Solicitor, for appellant.

*Richard W. Martin,* City Solicitor, with him *Sara M. Soffel,* Assistant City Solicitor, for appellee.

OPINION BY MR. JUSTICE SCHAFFER, November 24, 1924:

Assuming for the purposes of this case that the City of Pittsburgh is a poor district (Straub v. City of Pittsburgh, 138 Pa. 356), is it liable to the County of Allegheny, of which it forms a part, for the amounts expended by the latter for the maintenance of neglected

and dependent children found in that city and committed by the juvenile court of the county? The trial judge, sitting without a jury, held the city not liable. The county has appealed.

For its right to recover, the county relies on the proviso clause in the Act of May 8, 1913, P. L. 177. The act reads as follows: "Where any neglected or dependent child is or shall be committed to the care and custody of any association, society, person, or family, by any court, and an order for the payment of the maintenance of the child and the expense of such commitment is made upon the proper county, in pursuance of the laws of this Commonwealth, the county from which such child has been committed to the said association, society, person, or family, shall be liable to the said association, society, person, or family for the maintenance of the said child and all expenses connected therewith: Provided, That the county shall in all cases have full recourse to recover all expenses incurred in behalf of said child so committed from the parties or persons or poor district properly charged therewith under the laws of this Commonwealth."

Appellant does not direct us to any "laws of this Commonwealth" which charge poor districts with expenses incurred in maintaining neglected or dependent children as such; the county's argument proceeds entirely on the theory that neglected or dependent children are "poor persons" for whose support poor districts are liable. We are of opinion that neglected and dependent children are not within the contemplation of the designation "poor" as used in our poor laws. Certainly "neglected" does not connote "poor" within the meaning of these statutes. A neglected child, as all will recognize, may be far from poor. As to a "dependent" child, it may be said practically all children are dependent. The term "poor" as used in the law, means "destitute; helpless and in extreme want;......so completely destitute of property as to require assistance from the public;" it is synony-

mous with "pauper" and this means "one so poor that he must be supported at the public expense": 3 Bouvier's Law Dictionary, 2631, 2539. The legislative definition of a dependent or neglected child for the purposes of the Act of April 23, 1903, P. L. 274, is "any child who is destitute, homeless, abandoned, or dependent upon the public for support, or who has not proper parental care or guardianship." We are not prepared to hold that under this designation a child found to be destitute and dependent upon the public for support would not be within the purview of the poor laws but, "to say the least, the primary purpose of the juvenile court legislation was not to aid the poor. As shown by its provisions, as well as by its preamble, the broad general purpose the legislature had in view was to guard children from association and contact with crime and criminals, to subject children lacking proper parental care or guardianship to a wise care, treatment, and control that their evil tendencies may be checked and their better instincts may be strengthened, and, to that end, to clearly distinguish the powers of the courts in respect to the care, treatment, and control over the classes of children mentioned, from the powers exercised in the administration of the criminal law": Wolf's Case, 58 Pa. Super. Ct. 260, 264; see also Com. v. Fisher, 213 Pa. 48. It is manifest that not all children found to be neglected or dependent are destitute or dependent on the public for support and therefore the mere finding of the court that a child is either neglected or dependent without more could not fix a poor district with responsibility for its maintenance. In the present case the findings as to the children, in addition to the formal one that they are dependent or neglected, are not that they are "destitute or dependent upon the public for support," but other facts are found giving the court jurisdiction over them under the act. We, therefore, conclude that none of these children can be said to be such "poor" as the poor laws contemplate to fix a poor district for their maintenance. The purpose of the

Act of 1913 was not to put any new charge upon poor districts but only to give counties the right to recover over from poor districts, if they were liable under existing laws.

For another reason the county cannot recover. In order to be held liable for the cost of a poor person's maintenance, it must be shown that the pauper had a legal settlement in the poor district. The court below found, and this finding is not challenged, that the evidence failed to establish that any of the children had a legal settlement in the city. All that was shown was that they were "found" within its territorial limits. This, under the Act of June 13, 1836, P. L. 541, 542-3, which is a codification of the poor laws of the State, and under the Act of May 1, 1909, P. L. 307, which provides in section 3 for the ways in which a settlement may be gained, and the Act of April 6, 1905, P. L. 112, 114, which likewise provides therefor, or under text book authority (22 Amer. & Eng. Enc. of Law (2d ed.) 992; 30 Cyc. 1082, 1101) or our decisions (Lawrence Co. v. Overseers of Big Beaver Twp., 13 W. N. C. 531; Overseers of Montoursville Boro. v. Overseers of Fairfield Twp., 112 Pa. 99; Lewis v. Turbut, 15 Pa. 145; Overseers of Washington v. Overseers of Beaver, 3 W. & S. 548; Highland Twp. Poor Dist. v. Jefferson Co. Poor Dist., 25 Pa. Superior Ct. 601), was not enough.

The judgment is affirmed.