# In re: Joseph and Dorothy Smith.

*Parent and child—Dependent children—Order of support— Liability of county—Liability of Poor District—Municipal Court— Act of May 8, 1913, P. L. 177.*

Under the provisions of the Act of May 8, 1913, P. L. 177, where any child shall be committed to the care of any association, society, person or family by any court, and an order for the payment of the maintenance of the child made upon the proper county, full recourse is given to the county to recover all expenses incurred in behalf of said child.

Neglected and dependent children are not within the contemplation of the designation "poor." The statutes do not confer upon the Municipal Court of Philadelphia jurisdiction to determine controversies between poor districts and adjudicate questions concerning the settlement of a pauper. The purpose of the Act of May 8, 1913 was not to put any new charge upon poor districts, but only to give counties the right to recover over from poor districts, if they were liable under existing laws. If the county has the right to be reimbursed by the poor district it must proceed in the manner pro-

vided under existing laws for the maintenance of the poor, and establish that the children had a legal settlement in the poor district, in a court having jurisdiction to determine that question.

Submitted December 16, 1926. Appeal No. 293, October T., 1926, by Managers for the Relief and Employment of the Poor of the Township of Germantown, from order of the Municipal Court, Philadelphia, Juvenile Division, January T., 1926, No. 29618, in the case of Joseph and Dorothy Smith or Storkes. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Petition of the Society for the Prevention of Cruelty to Children for general relief of delinquent children. Before WALSH, J.

The facts are stated in the opinion of the Superior Court.

The Court entered the following order as set forth in the docket entries:

"The Court ordered that said six children be committed to the custody and care of Women's Christian Alliance, that the County pay said Alliance the sum of Four dollars and twenty-five cents per week for the support of each child.

"The Court further ordered that the Managers for the Relief and Employment of the Poor of the Township of Germantown pay the sum of Four Dollars and twenty-five cents per week for the support of the two children Joseph and Dorothy to reimburse the County," etc.

Defendant appealed.

*Error assigned* was the order of the Court.

*Paul Reilly,* for appellant.

No appearance and no printed brief for appellee.

PER CURIAM, July 8, 1927:

An agent of the Society for the Prevention of Cruelty to Children presented a petition to the court below averring that Joseph Smith and Dorothy Smith were dependent children without proper supervision and praying that said children be admitted to the care and custody of the Women's Christian Alliance, and that an order be made upon the County of Philadelphia for the support of such children, and that an order be made upon the father to reimburse the county. The court, after a hearing, committed the children to the custody and care of the Women's Christian Alliance and ordered that "the county pay said Alliance the sum of $4.25 per week for the support of each child." It is upon all hands conceded by the parties that the court acted within its jurisdiction in ordering the county to pay the cost of maintenance of the children. The final order of the court did not, however, stop there but added: "The court further orders that the Managers for the Relief and Employment of the Poor of the Township of Germantown pay the sum of $4.25 per week for the support of the two children Joseph and Dorothy, to reimburse the county." The Managers for the Relief and Employment of the Poor of the Township of Germantown appeal and assign for error that portion of the order imposing upon the poor district the burden of reimbursing the county.

Under the Act creating the Municipal Court, that court has exclusive jurisdiction in all proceedings concerning dependent, delinquent, or neglected children as defined by existing laws relating thereto, and these laws are applicable to all such proceedings in the court. The existing laws applicable to the present proceeding are such as are commonly called the Juvenile

Court Acts, under which the proceeding was instituted. It seems to have been assumed by the representatives of the county that jurisdiction to make the order assigned for error was conferred upon the court below by the proviso clause in the Act of May 8, 1913, P. L. 177, which contention was sustained by the court. The Act reads as follows: "Where any neglected or dependent child is or shall be committed to the care and custody of any association, society, person, or family, by any court, and an order for the payment of the maintenance of the child and the expense of such commitment is made upon the proper county, in pursuance of the laws of this Commonwealth, the county from which such child has been committed to the said association, society, person, or family, shall be liable to the said association, society, person, or family for the maintenance of the said child and all expenses connected therewith: Provided, that the county shall in all cases have full recourse to recover all expenses incurred in behalf of said child so committed from the parties or persons or poor district properly charged therewith under the laws of this Commonwealth." Neglected and dependent children are not within the contemplation of the designation "poor" as used in our poor-laws. The statutes do not confer upon the Municipal Court jurisdiction to determine controversies between poor districts and adjudicate questions concerning the settlement of a pauper. The purpose of the Act of 1913 was not to put any new charge upon poor districts, but only to give counties the right to recover over from poor districts, if they were liable under existing laws: Wolf's Case, 58 Pa. Superior Ct. 260; Allegheny County v. Pittsburgh, 281 Pa. 300. If the County of Philadelphia has the right to be reimbursed by the poor district appellant it must proceed in the manner provided under existing laws for the maintenance of the poor and show that these children had a

legal settlement in the poor district, in a court having jurisdiction to determine that question.

The order requiring the appellant poor district to reimburse the County of Philadelphia for the maintenance of these dependent children is reversed.