Moscow Borough Poor District's Appeal.

Argued March 7, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER, JAMES and RHODES, JJ.

*James W. Scanlon,* for appellant.

*George Morrow,* for appellee.

OPINION BY CUNNINGHAM, J., October 2, 1935:

The Moscow Borough Poor District, Lackawanna County, has appealed from an order of the court below dismissing its citation requiring the Lake View Poor District, of the same county, to show cause why a family of alleged paupers should not be removed from the former into the latter.

The facts are not in dispute and the question of law involved is whether a pauper who removes from the poor district of her settlement into another district can acquire a new settlement in the latter while being supported out of the Mothers' Assistance Fund.

The question arose in this manner. Eva Barnes, her husband, and their six children (all under sixteen years of age), had a settlement and supported themselves for a number of years in Lake View district. Her husband died March 6, 1930. On March 17th she removed, with her children, to the Covington district and was there maintained as a public charge until November 7, 1930, when the family removed to the Moscow district, where some of her relatives resided.

From the time of their arrival in the Moscow district until about June 1, 1931, they were supported by the Lake View district. From that date until May, 1933, the family was maintained entirely out of the Mothers' Assistance Fund, provided jointly by the Commonwealth and Lackawanna County. The necessary relief was thereafter furnished, to the extent of $182, by the directors of the Moscow district, who, on November 29, 1933, notified the directors of the Lake View district, in writing, that unless they arranged by December 7th to take care of the Barnes family, appropriate legal

proceedings to compel them to do so would be instituted.

Shortly before the hearing the Mothers' Assistance Fund resumed their maintenance. In its answer, the Lake View district denied any liability for relief to Mrs. Barnes or her children and averred it was under no obligation to receive them.

Under these facts, the court below held that the family had acquired a new settlement in the Moscow district by residing there during the two and one-half years from June 1, 1931, (when the Lake View district discontinued relief) to November 29, 1933, (the date of notice from the Moscow district), although during two years of that period its members were maintained solely by the trustees of the Mothers' Assistance Fund.

The writer of the opinion for the court below said: "We will hold that a family residing for one whole year in a district is not a public charge while the family is supported by the Mothers' Assistance Fund and obtains a new settlement in the district where it resides."

We cannot agree with that conclusion. It is not controverted that Eva Barnes was settled in the Lake View district in 1930, or that the settlement of the children follows her settlement. Her misfortunes gave rise to this controversy but she is not a party to the proceeding. Hence, her preference and convenience are not factors in the problem. It is not suggested by the appellee district that this destitute family acquired a new settlement in Moscow Borough in the ordinary way, i. e., by residing and supporting themselves therein for a period of at least one year. Under the evidence, they have never been able to support themselves anywhere since the death of the husband and father. It has been repeatedly held, under our poor laws, that a destitute person receiving aid as such cannot acquire a new settlement while remaining a "public charge."

The gaining of a settlement is governed by Section

800 of "The General Poor Relief Act," approved May 14, 1925, P. L. 762, 778, as amended by the first section of the Act of May 23, 1933, P. L. 966, 62 PS (1934 Supplement) §800. Paragraph (d) of the section reads: "Except as hereinafter otherwise provided, every adult and every emancipated minor, whether married or single, ...... may acquire a new settlement in any poor district of this Commonwealth by coming bona fide to establish a permanent abode therein and continuing to reside therein for one whole year, if such person or minor is of sufficient mental ability to make a bargain, *and is not,* or does not become, a *public charge* during said year." (Italics supplied)

In Allegheny County v. Pittsburgh, 281 Pa. 300, 127 A. 72, our Supreme Court, in holding that neglected or dependent children are not "poor persons," within the meaning of our poor laws, defined the term "poor," as used therein, to mean, "destitute; helpless and in extreme want; ...... so completely destitute of property as to require assistance from the public," and said the word is synonymous with "pauper," which means "one so poor that he must be supported at the public expense." The phrase "public charge," when used with reference to a person, means one for whom "support and care is provided at the expense of the public," or one committed to the custody of a department of the government by due course of law: 50 Corpus Juris, Section 19, p. 852.

Detailed reference to the creation and operation of the Mothers' Assistance Fund (62 PS §2091-2108) need not be made. It is enough to say that the fund is created by appropriations out of the state treasury, allotted to counties which accept the provisions of the act and place at the disposal of the board of trustees of the fund "a sum equal to the amount available from the state appropriation" for a designated year. Even when the necessary appropriation has been made by a

county, payments out of the fund continue only "at the will of the trustees."

Beyond question Eva Barnes was a public charge when, in June, 1931, she was granted assistance by the trustees of the Mothers' Assistance Fund as a "poor and dependent mother," having "children under the age of sixteen years" and whose husband was dead.

Appellee's entire defense rests upon its contention adopted by the court below, that the moment this assistance began Mrs. Barnes ceased to be a "public charge," and because it was continued for more than one year she acquired a new settlement. Every dollar expended for the support of Mrs. Barnes and her family during the period of two years involved in this case came out of public funds. How then can it be said that she ceased during that period to be a "public charge"?

We are all of opinion that her status as a public charge was not changed by the assumption of her maintenance by the trustees of the Mothers' Assistance Fund and that she did not acquire a new settlement in the Moscow district.

Nor do we agree with the statement of the court below that the "reason for their removal has ceased" because of the resumption of payments by the Mothers' Assistance Fund. The family actually became a charge upon Moscow district in the latter part of 1933, and is liable to become a charge upon it again; that is sufficient to justify the removal: Eastside Borough Overseers v. Denison Township Overseers, 42 Pa. Superior Ct. 523. The first, third, and fourth assignments must be sustained under all the evidence upon this record.

The order dismissing the citation is reversed; the citation is reinstated and the record remitted with a procedendo.