## Scott Township Poor District's Appeal.

Argued March 6, 1939.

Before KELLER, P. J. CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Frederick E. Scott,* with him *F. J. Scott,* for appellant.

*Frank T. Butler,* with him *John J. Sirotnak,* for appellee.

OPINION BY BALDRIGE, J., April 12, 1939:

The court below on October 16, 1936, directed that Muriel, Hope, and Ira Dennis, minor children of Charles Dennis, be committed into the custody of the Church Home, Jonestown, Pennsylvania, at the expense of Scott Township Poor District. On February 15, 1937, upon petition of A. L. Miller, a director of the Lake View Poor District in Scott Township, the court granted a rule to show cause why its order should not be modified to the extent of revoking the provision that the minor children be maintained at the expense of Scott Township Poor District and place the expenses on Blakely Township. The court, after hearing, directed that their maintenance be paid by "the County of Lackawanna, the said County of Lackawanna to be reimbursed therefor by the Lakeview Poor District" of which Scott Township is a constituent. This appeal followed.

The facts, which were agreed upon at the hearing, show that prior to October 1, 1933, the settlement of the Charles Dennis family was in Blakely Poor District. On that date, due to the unemployment situation, this family, consisting of the father, an adult son, Charles, Jr., two minor sons, and the three children above named, was granted emergency relief by the Lackawanna branch of the Emergency Relief Board. This relief was discontinued December 21, 1933, as Charles, Jr., was assigned to a CWA job, but it was resumed March 19, 1934, by the State Emergency Relief Board, and continued until November 26, 1935, when it was again discontinued as Charles, Jr., was assigned to a WPA job. In the meantime, to wit, May 3, 1934,

when unemployment relief was being furnished this family, they moved from Blakely Poor District to Scott Township Poor District and remained there until June 24, 1936, when they took up their abode in the borough of Jermyn, where they were living, but had not acquired a settlement, when the three minor children were committed to the Church Home under the order of October 16, 1936.

The General Poor Relief Act of May 23, 1933, P. L. 966, §800, amending the Act of May 14, 1925, P. L. 762 (repealed June 24, 1937, P. L. 2017, §702), provided:

"(c) The settlement of a person in a poor district continues until a new one is acquired in this State, or elsewhere ......

"(d) Except as hereinafter otherwise provided, every adult ...... may acquire a new settlement in any poor district of this Commonwealth by coming bona fide to establish a permanent abode therein and continuing to reside therein for one whole year, if such person ...... is of sufficient mental ability to make a bargain, and is not, or, does not become a public charge during said year.

\* \* \* \*

"(h) Before emancipation, the settlement of a legitimate minor is and remains that of the father ......"

"Public charge," as defined in section 10 of the Act of 1925, supra (62 PS §10), was as follows: " 'Public charge' shall mean a person to whom poor relief from public funds is necessary for his maintenance—a pauper."

Admittedly, on the date of the court's order, October 16, 1936, the father of these children was unable to pay the cost of maintaining them in the Church Home, so that at that time they were public charges.

The question before us is: Under the foregoing facts did these three minor children, at a time when the family was receiving relief from the State Emergency Relief

Board, gain a settlement in Scott Township Poor District? If so, this order should be affirmed.

The answer thereto depends upon whether the children were public charges or paupers when they took up their residence in Scott Township Poor District, or within a year thereafter. If so, they never obtained a legal settlement therein. It will be noted that at the time of the removal of the Dennis family to Scott Township, they were receiving aid from funds appropriated by the state and federal government for the relief of the unemployed, under authority granted by the act creating the State Emergency Relief Board, approved August 19, 1932, P. L. 88, Spec. Sess. (repealed June 24, 1937, P. L. 2051, §18.)

The Talbot Act, approved the same day (P. L. 90), is entitled "An Act relating to unemployment relief; making an appropriation to the State Emergency Relief Board for direct relief and work relief ......"

In *Hattler v. Wayne County,* 117 Pa. Superior Ct. 570, 178 A. 513, affirmed by the Supreme Court in a per curiam (320 Pa. 280, 182 A. 526), claim was filed by a dependent mother to recover compensation for the death of her son resulting from injuries received while he was alleged to have been employed by the county of Wayne. The deceased was assigned by the Emergency Relief Board of Wayne County, under the provisions of the Talbot Act, supra, to work on county roads, under the direction of the county commissioners. In directing that a judgment be entered for the claimant in accordance with the findings and conclusions of the Workmen's Compensation Board, we said that the Talbot Act clearly discloses a primary intent of the legislature to deal with unemployment rather than with the care of paupers as that term has been used in our poor laws.

The type of aid furnished this family cannot be considered as a form of poor relief to public charges or paupers who came within the General Poor Relief Acts.

There is no proof on the record before us that prior to the court's order Charles Dennis was a pauper as he had not applied for or received poor, as contra-distinguished from unemployment, relief from the public funds for his maintenance. The minor children were, therefore, not paupers. People who are able and willing to work but cannot get it, who obtain unemployment relief, cannot be justly characterized as paupers. Charles Dennis, Jr., on May 3, 1934, when the family moved to Scott Township and was receiving unemployment relief, was working in the mines. This family was not at that time or within a year thereafter so poor and in such extreme want as to properly designate them as destitute. In *Allegheny County v. Pittsburgh,* 281 Pa. 300, 302, 127 A. 72, the court said: "The term 'poor' as used in the law, means 'destitute; helpless and in extreme want; . . . . . . so completely destitute of property as to require assistance from the public . . . . . .' '" The adult members of this family registered and voted in Scott Township; they paid their rent for over two years, all of which tends to show they were not public charges and had acquired a settlement in that township.

The situation was entirely different in *Moscow Borough Poor District's Appeal,* 119 Pa. Superior Ct. 533, 180 A. 718. The widow in that case was definitely a public charge when she came into the Moscow district and, therefore, she could not obtain a new settlement there.

Order of the court below is affirmed, at appellant's costs.